# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA and DENNIS STIFFLER, Revenue Officer, Internal Revenue Service,<br><br>　　　　　　Petitioners,<br><br>　v.<br><br>THOMAS SMITH,<br><br>　　　　　　Respondent. | 1:09cv584 LJO SMS<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION TO ENFORCE TAX SUMMONS<br><br>(Document 1) |

　　　This case came before the Court on June 5, 2009, pursuant to an Order to Show Cause issued on April 7, 2009. Yoshinori Himel appeared on behalf of Petitioners United States of America and Revenue Officer Dennis Stiffler. Respondent Thomas Smith ("Respondent") was personally served with the Petition, Declaration of Dennis Stiffler, Memorandum of Points and Authorities, and Order to Show Cause on April 27, 2009. Respondent did not file opposition to the Petition and did not appear at the hearing.

　　　The Petition to Enforce Internal Revenue Service Summonses initiating this proceeding seeks to enforce two administrative summonses issued November 3, 2008, in aid of Revenue Officer Dennis Stiffler's investigation seeking financial information relevant to the IRS' efforts to collect Respondent's assessed income tax liabilities for the tax years ending December 31, 1996, through December 31, 2003.

**DISCUSSION**

The IRS has broad investigatory powers under the Internal Revenue Code.  *See* 26 U.S.C. §§7601-7613.[1]  Under section 7602(a)(1), the IRS is empowered to issue a summons to compel examination of "books, papers, records or other data which may be relevant or material" to an inquiry for the purpose of "ascertaining the correctness of any return, making a return where none has been made" and "determining" and "collecting" tax liability.  The relevance requirement under section 7602 is whether the requested material "might have thrown light upon the correctness of the return."  United States v. Arthur Young & Co., 465 U.S. 805, 813-815 & n. 11, 104 S.Ct. 1495, 1501 & n. 11 (1984); David H. Tedder & Associates, Inc. v. United States, 77 F.3d 1166, 1168-69 (9th Cir. 1996).  The IRS may issue a summons to investigate "merely on suspicion that the law is being violated, or even just because it wants assurance that it is not."  United States v. Powell, 379 U.S. 48, 57, 85 S.Ct. 248 (1964) (quoting United States v. Morton Salt Co., 338 U.S. 632, 642-643, 70 S.Ct. 357 (1950)).

Under section 7608(a) and (b), IRS agents are authorized to "serve subpoenas and summonses issued under authority of the United States."  Section 7602(a)(2) provides that the IRS is not limited to issuing summonses to taxpayers under investigation, but is authorized to summon "any person having possession, custody, or care of books of account" relating to the taxpayer or to summon "any other person the Secretary may deem proper" to produce such information and testimony under oath relevant and material to inquiry.

To enforce an IRS summons, the IRS must establish a *prima facie* case to demonstrate its "good faith" that the summons: (1) is issued for a legitimate purpose; (2) seeks information relevant to that purpose; (3) seeks information that is not already within IRS possession; and (4) satisfies all administrative steps required by the Internal Revenue Code.  Powell, 379 U.S. at 57-58, 85 S.Ct. at 254-255; Fortney v. United States, 59 F.3d 117, 119 (9th Cir. 1995).

---

[1]  Unless otherwise indicated, all further statutory references will be to the Internal Revenue Code, found at 26 U.S.C. §§ 1, et seq.

In Liberty Financial Services v. United States, 778 F.2d 1390, 1392 (9th Cir. 1985), the Ninth Circuit Court of Appeals explained:

> To establish a need for judicial enforcement, this showing need only be minimal. This is necessarily true because the statute must read broadly in order to ensure that the enforcement powers of the IRS are not unduly restricted. United States v. Balanced Financial Management, Inc., 769 F.2d 1440, 1443 (10th Cir. 1985). Assertions by affidavit of the investigating agent that the requirements are satisfied are sufficient to make the prima facie case. United States v. Samuels, Kramer & Co., 712 F.2d 1342, 1345 (9th Cir. 1983); United States v. Kis, 658 F.2d 526, 536-37 (7th Cir. 1981), cert. denied, 455 U.S. 1018, 102 S.Ct. 1712, 72 L.Ed.2d 135 (1982).

The Ninth Circuit has further commented: "The government's burden is a 'slight one' and typically is satisfied by the introduction of the sworn declaration of the revenue agent who issued the summons that the *Powell* requirements have been met." Fortney, 59 F.3d at 119 (citing United States v. Dynavac, Inc., 6 F.3d 1407, 1414 (9th Cir. 1993)); United States v. Gilleran, 992 F.2d 232, 233 (9th Cir. 1993)).

The Court has reviewed the petition and documents in support of the tax summons enforcement. Based on the uncontroverted declaration of Revenue Officer Stiffler and the entire record, the Court makes the following findings:

(1) This Court has statutory subject matter jurisdiction under 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. §§ 7402 and 7604. A case or controversy exists.

(2) There is no evidence of fraud by the United States or its employees.

(3) The summonses issued by Revenue Officer Stiffler to Respondent, seeking testimony and production of documents and records in Respondent's possession, was in good faith and for a legitimate purpose under I.R.C. § 7602, that is, the IRS' efforts to collect assessed taxes.

(4) The information sought is relevant to that purpose.

(5) The information sought is not already in the possession of the Internal Revenue Service.

(6) The administrative steps required by the Internal Revenue Code have been followed.

(7) There is no evidence of referral of Respondent by the Internal Revenue Service to the Department of Justice for criminal prosecution.

**RECOMMENDATION**

It is therefore the recommendation of the Magistrate Judge that the IRS summonses issued to Respondent be enforced, and that Respondent be ordered to appear at such time and place as may be fixed by Revenue Officer Stiffler or any other proper Officer or employee of the IRS, and to produce for examining and copying the books, checks, records, papers and other data demanded by the summonses.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72-304 of the Local Rules of the United States District Court for the Eastern District of California.  Within twenty (20) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten (10) days after service of the objections.  The District Judge will then review these findings and recommendations pursuant to 28 U.S.C. § 636(b)(1).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Y1st, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 12, 2009**                        /s/ **Dennis L. Beck**
                                                                                             UNITED STATES MAGISTRATE JUDGE